UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRAVIS BRUNET, Individually and on behalf of all others similarly situated, §§§§§ *Plaintiffs,* §§ v. §§§ GB PREMIUM OCTG SERVICES LLC, §§§§ *Defendant.* § | No. 4:21-CV-1600 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a purported class action alleging violations of the Fair Labor Standards Act ("FSLA").[1] Pending before the Court is Defendant GB Premium OCTG Services, LLC's ("GB") motion to compel arbitration. ECF No. 83.[2] GB argues that opt-in Plaintiff Miller contractually agreed to submit any disputes between him and GB to binding arbitration. *Id.* at 6. Thus, GB seeks an order compelling Miller's claim to arbitration and dismissing the judicial proceedings with respect to Miller's

---

[1] The district judge to whom this case is assigned referred this matter for all pretrial purposes pursuant to 28 U.S.C. § 636. Order, ECF No. 30. The motion to compel arbitration and dismiss is a dispositive motion appropriate for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] Plaintiff Michael Miller ("Miller") filed a response. Pl.'s Resp., ECF No. 97. GB filed a reply. Def.'s Reply, ECF No. 98.

individual claim. *Id.* Miller does not dispute that his claims are subject to arbitration. ECF No. 97 at 1. However, Miller opposes dismissal and seeks a stay instead. *Id.* at 2. Having considered the filings, the record, and the applicable law, the Court determines that GB's motion should be granted.

## I. THE DISPUTE IS ARBITRABLE AND SHOULD BE DISMISSED.

Federal policy weighs strongly in favor of arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625–26 (1985); *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995) (per curiam) ("Under the Federal Arbitration Act, any doubts as to whether [the parties'] claims fall within the scope of the agreement must be resolved in favor of arbitration."). To rule on a motion to compel arbitration, a court must first decide if the dispute is arbitrable. *See Papalote Creek II, LLC v. Lower Colo. River Auth.*, 918 F.3d 450, 454 (5th Cir. 2019). This requires deciding whether "(1) there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Gross v. GGNSC Southaven, LLC*, 817 F.3d 169, 176 (5th Cir. 2016) (quoting *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006)); *accord Edwards v. Doordash, Inc.*, 888 F.3d 738, 743 (5th Cir. 2018). Both questions are ordinarily for the court. *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016).

### A. There Is A Valid Arbitration Agreement and The Dispute Is Arbitrable.

It is undisputed that the claims are subject to arbitration and that a valid arbitration agreement between the parties exists. ECF No. 97 at 1. GB attached the signed arbitration agreement to its motion. Agr., ECF No. 83-1 at 12-16. The relevant portion of the agreement provides:

> GB Premium and Independent Contractor agree that all Covered Claims, as defined in paragraph 3 of this Arbitration Agreement ("**Agreement**"), will be decided by a single arbitrator of the American Arbitration Association ("**AAA**") through final and binding arbitration only and will not be decided by a court or jury or any other forum, except as otherwise provided herein. This is an agreement to arbitrate Covered Claims which shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1–16).

*Id.* ¶ 2. Miller initialed each page of the arbitration agreement and signed it. *Id.* at 13-16. Miller's FLSA claim for unpaid overtime wages falls within the scope of the arbitration agreement as it "aris[es] out of or [is] related to this Agreement or Independent Contractor's contract work." *Id.* at 13.

Further, in the Fifth Circuit, express incorporation of the AAA Commercial Arbitration Rules is evidence of the parties' intent to delegate threshold questions of arbitrability to the arbitrator. *Arnold v. Homeaway, Inc.*, 890 F.3d 546, 553 (5th Cir. 2018) ("Because the April 2016 Terms expressly incorporate the AAA rules, the parties have clearly and unmistakably demonstrated their intent to delegate."). Therefore, the parties agreed to arbitrate any disputes regarding the validity and scope of the arbitration agreement when they incorporated the AAA Commercial

Arbitration Rules into the agreement. ECF No. 83-1 at 14. Therefore, GB's motion to compel arbitration should be granted.

### B. Dismissal is Proper.

The sole dispute between the parties is whether Miller's claims should be dismissed or stayed. Miller asks the Court to stay his claims to prevent GB from later contending that his claims are "either time-barred or subject to reduction," and to allow the Court to address potential future issues. ECF No. 97 at 2. In the alternative, Miller requests that the Court toll his claims from May 9, 2022 through two weeks after the entry of an order of dismissal. *Id*.

GB responds that dismissal is preferred to a stay in the Fifth Circuit. ECF No. 98 at 2 (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). GB further argues that the Fifth Circuit has rejected ordering a stay to address hypothetical future concerns. *Id*. GB does not oppose Miller's request that his claims be tolled. *Id.*

"[D]ismissal, as opposed to a stay pending arbitration, is proper 'when all of the issues raised in the district court must be submitted to arbitration.'" *Rainey v. Citigroup, Inc.*, 779 F. App'x 258, 259 (5th Cir. 2019) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). Here, as in *Rainey*, the non-moving party (Miller) concedes that an arbitration agreement exists and that any disputes regarding the validity and enforceability of the arbitration agreement should

be addressed through arbitration. ECF No. 97 at 1. Therefore, "retaining jurisdiction and staying the action will serve no purpose" because "'[a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.'" *Alford*, 975 F.2d 1164 (quoting *Sea–Land Service, Inc. v. Sea–Land of P.R., Inc.*, 636 F. Supp. 750, 757 (D.P.R. 1986)). Therefore, GB's motion to dismiss should be granted.

## CONCLUSION

Therefore, the Court **RECCOMENDS** that:

1. GB's motion, ECF No. 83, should be **GRANTED**;
2. Opt-in Plaintiff Michael Miller's should be compelled to arbitrate his claim against GB and his pending claim against GB should be **DISMISSED**; and
3. Opt-in Plaintiff Michael Miller's claims should be tolled from May 9, 2022 through the two week period following the entry of the court's dismissal order.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude review of factual**

findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

Signed on September 12, 2022, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**