United States District Court
Southern District of Texas
**ENTERED**
February 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TRAVIS BRUNET,** | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-01600 |
| **GB PREMIUM OCTC SERVICES, LLC,** | § § § | |
| Defendant. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Travis Brunet filed this suit against GB Premium OTG Services, Inc., arguing that GB Premium misclassified him and similarly situated individuals as independent contractors when they should have been classified as employees. He filed a Motion for Certification and Notice to Putative Collective Members. Judge Palermo issued a Report and Recommendation (R&R) recommending that the Motion be denied. Brunet filed Objections. The Court **OVERRULES** the Objections, **ADOPTS** the R&R, and **DENIES** Brunet's Motion for Certification and Notice.

### I. BACKGROUND

GB Premium provides various oilfield services. ECF No. 101 at 2. One aspect of this work involves inspecting tubular connections. *Id.* These inspections are performed by "thread representatives." *Id.* GB Premium employs some thread representatives as employees. *Id.* It classifies others as independent contractors. *Id.* at 2-3.

Travis Brunet brought this suit, alleging that GB Premium misclassified him and other similarly situated individuals as independent contractors and, as a result, improperly denied them overtime compensation. ECF No. 1 ¶¶ 3-6. After initial discovery, Brunet filed a Motion for Certification and Notice. ECF No. 78. GB Premium responded, ECF No. 86, and Brunet replied, ECF No. 91.

1

Judge Palermo issued an R&R recommending that Brunet's Motion be denied, and the case proceed on behalf of Brunet individually. ECF No. 101. Judge Palermo analyzed the three relevant factors used to determine whether purported collective members are similarly situated: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." ECF No. 101 at 6.

Judge Palermo found that the first factor cut in favor of certification because the plaintiffs have similar factual and employment settings. *Id.* at 6-10. They had different job titles but performed largely the same duties. *Id.* at 7-8. Additionally, they were all paid hourly and did not receive overtime. *Id.* at 8. Although there were some differences—such as the length of jobs, whether they performed daylight jobs or duo-line jobs, and job location—Judge Palermo found that the similarities outweigh the differences with regard to this first factor. *Id.* at 8-10.

However, Judge Palermo found that the second factor—the available defenses—"weighs against a similarly situated finding because application of the economic realities test here would require a highly individualized inquiry that would 'prevent an efficient proceeding with a representative class.'" *Id.* at 10-11 (citation omitted). Judge Palermo found that analyzing whether thread representatives were employees or independent contractors would require individualized determinations and individualized proof for each putative collective member. *Id.* at 11-12.

Finally, Judge Palermo briefly discussed fairness and procedural concerns, noting that where facts require an individualized inquiry, this factor weighs against certification. *Id.* at 27.

Brunet filed objections to the R&R. ECF No. 102. GB Premium responded, ECF No. 105, and Brunet replied, ECF No. 108.

## II. STANDARD OF REVIEW

The parties do not agree on the proper standard of review. Brunet contends that the Court should conduct a *de novo* review of the R&R because collective certification motions are dispositive. ECF No. 102 at 6; ECF No. 108 at 2-4. GB Premium argues that the proper standard is clearly erroneous or contrary to law. ECF No. 105 at 8-10.

The standard of review depends on whether the matter is dispositive or nondispositive. For nondispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* 72(b)(3).

Since the Fifth Circuit's decision in *Swales v. KLLM Transportation Services, LLC*, 985 F.3d 430 (5th Cir. 2021), there have been few reported cases at this procedural posture—that is, where a party objected to a Magistrate Judge's Report and Recommendation that addressed a Motion for Certification and Notice. This Court conducted a review of post-*Swales* district court opinions at this posture and notes that these cases typically conduct a *de novo* review of the R&R. *See Roberts v. Baptist Healthcare Sys., LLC*, No. 1:20-CV-92, 2022 WL 4084420, at *1 (E.D. Tex. Sept. 4, 2022); *Francis-Luster v. Kelley L. Firm, P.C.*, No. 3:19-CV-2708-L-BK, 2022 WL 575566, at *2 (N.D. Tex. Feb. 25, 2022); *Spillers v. Louisiana PHS, L.L.C.*, No. CV 3:21-00762, 2022 WL 1664120, at *1 (W.D. La. May 25, 2022); *Clark v. Cont. Land Staff, LLC*, No. 4:20-CV-2620, 2021 WL 4067259, at *1 (S.D. Tex. Sept. 7, 2021).[1] In at least one other case, no objections were filed, but the court indicated that, had objections been filed, review would have been *de novo*. *Ferguson v. Texas Farm Bureau*, No. 6:17-CV-00111-ADA, 2021

---

[1] At least one other case in this procedural posture did not state the standard of review. *See Richard v. Flowers Foods, Inc.*, No. CV 15-2557, 2021 WL 4887978 (W.D. La. Oct. 18, 2021).

WL 7906824, at *1 (W.D. Tex. Aug. 24, 2021). This Court has not located any post-*Swales* case that analyzes, with any depth, the appropriate standard of review at this stage.

The Court does not decide which standard of review is proper. Under either standard—*de novo* or clear error—Brunet's objections must be overruled.

### III. ANALYSIS

The Fair Labor Standards Act (FLSA) permits collective actions when "employees" are "similarly situated." 29 U.S.C. § 216(b). In *Swales*, 985 F.3d at 443, the Fifth Circuit held that "the FLSA's similarity requirement is something that district courts should rigorously enforce at the outset of the litigation." The Court must therefore address, before notice goes out, whether putative collective members are similarly situated.

"[C]ourts generally consider the following factors when determining whether a lawsuit should proceed collectively: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 720-21 (S.D. Tex. 2014) (Ellison, J.). Judge Palermo found that the first factor cut in favor of certification, but the second and third factors cut against certification.

Brunet raises three objections, arguing that Judge Palermo (1) improperly considered the underlying merits in her analysis of the second factor; (2) improperly considered "happy camper" declarations; and (3) failed to meaningfully address fairness and procedural considerations. *Id.*

#### A. Whether Judge Palermo Improperly Considered the Merits

First, Brunet argues that Judge Palermo improperly considered the merits in determining that the relevant defenses can be analyzed collectively. ECF No. 102 at 7-10. Judge Palermo

4

asked whether "application of the economic realities test would require a highly individualized inquiry." ECF No. 101 at 10. Brunet contends that Judge Palermo strayed from this inquiry and instead "actually analyzed the merits . . . under the economic realities test" and "focused heavily on . . . whether [the putative class members] could prove that they were employees," rather than on whether this question needed to be analyzed individually. ECF No. 102 at 8-9.

Brunet mischaracterizes Judge Palermo's analysis. Brunet focuses on the first sentence in this section of the R&R, which states: "The dispute here is whether Plaintiff and the other thread representatives are employees, because only employees are entitled to FLSA protections." ECF No. 101 at 5. But Judge Palermo immediately explains that she analyzes this dispute for the purpose of determining whether it can be resolved collectively. *See id.* The rest of the R&R's analysis focuses on whether thread representatives are similarly situated for the purposes of the economic realities test; it does not ask whether they are employees.

Accordingly, this first objection is **OVERRULED**.

### B. "Happy Camper" Declarations

Brunet next argues that Judge Palermo improperly considered the "happy camper" declarations of Glen Meche, Stacy Hanks, and David Boemio. ECF No. 102 at 10-13. Such declarations are commonly used by defendants to show that employees are not dissatisfied with a defendant's relationship with its employees. Brunet argues that reliance on these declarations was improper because GB failed to timely identify them and, thus, Brunet did not have an opportunity to depose them.

The parties first dispute whether this Objection was waived. GB Premium contends that Brunet failed to raise this argument in his reply. *See* ECF No. 105 at 24. This is incorrect. In his reply to the Motion for Certification and Notice, Brunet made essentially the same argument that

5

he makes now. ECF No. 91 at 9-11. Accordingly, the Court considers the merits of this objection.

That being said, GB Premium argues, in response to this Objection, that disregarding these declarations would not change the outcome. ECF No. 105 at 21-22. Additional evidence includes similar facts as these happy camper declarations. Brunet does not respond to this argument. Accordingly, any response is waived.

Brunet's second objection is **OVERRULED**.

### C. Fairness and Procedural Considerations

Finally, Brunet argues that Judge Palermo failed to meaningfully address fairness and procedural considerations. ECF No. 102 at 13-17. However, Judge Palermo explained that there is no efficiency to be gained from trying all factual questions and defenses together when they involve an individualized inquiry. *Id.* Judge Palermo acted well within the scope of her discretion in evaluating this issue.

Brunet's third objection is **OVERRULED**.

### IV. CONCLUSION

The Court **OVERRULES** Brunet's objections, **ADOPTS** the R&R, and **DENIES** Brunet's Motion for Certification and Notice. ECF No. 78.

**IT IS SO ORDERED**.

Signed at Houston, Texas on February 22, 2022.

Keith P. Ellison
United States District Judge